Joseph Domino and Samuel DiSalvo, Administrator of the Estate of Michael S. DiSalvo, Deceased *v.* Commonwealth of Pennsylvania, Department of Transportation and Urban Redevelopment Authority. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued October 4, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*David Ward Murphy,* Assistant Counsel, with him *Jeffrey L. Giltenboth,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Louise Porac,* with her *Harry R. Ruprecht, King, Bowman, Hanna & Ruprecht,* for appellees.

*Marion E. Popiel,* for Amicus Curiae, Urban Redevelopment Authority of Pittsburgh.

OPINION BY JUDGE ROGERS, December 28, 1982:

The Commonwealth Department of Transportation (DOT) has appealed an order of the Court of Common Pleas of Allegheny County overruling its preliminary objections to the petition for the appointment of viewers of Joseph Domino and Samuel DeSalvo, Administrator of the Estate of Michael S. DiSalvo (landowners). The landowners alleged that three properties

owned by them were de facto condemned by DOT in connection with a highway-bridge project.

The landowners additionally alleged that the Urban Redevelopment Authority of Pittsburgh (Authority) had de facto condemned their properties. The Authority also filed preliminary objections. After an evidentiary hearing addressed to both sets of preliminary objections, the trial court, as noted, overruled DOT's objections; but it sustained those of the Authority and dismissed the petition for viewers as to the Authority. DOT did not appeal from the action of the court sustaining the Authority's preliminary objections.

The first and principal question stated by DOT is that of whether the court below erred in finding DOT to have effected a de facto condemnation of the landowners' properties. This issue, and only this issue, was ably and thoroughly treated by Judge SCHEIB, the hearing judge, whose opinion we adopt in this aspect of the appeal. *Joseph Domino and Samuel J. DiSalvo, Administrator v. Commonwealth of Pennsylvania, Department of Transportation and Urban Redelopment Authority of Pittsburgh,* D. & C.3d (1981).

DOT poses three additional questions. The first complains that the trial court erred in sustaining the Authority's preliminary objections. The order of the trial court sustaining the Authority's preliminary objections and dismissing the landowners' petition was a final judgment. *Rawls v. Central Bucks Joint School Building Authority,* 8 Pa. Commonwealth Ct. 491, 303 A.2d 863 (1973). Neither the landowners nor DOT appealed from that order; and it may not be challenged by DOT here. Further, DOT's notice of appeal names as the subject matter of the appeal the trial court's order dated April 18, 1980. This was the order overruling DOT's preliminary objections. The order sustaining the Authority's preliminary objections was

made November 2, 1979, and was not, therefore a subject of this appeal.

As demonstrated, the Authority's preliminary objections having been sustained and that action being unappealed, the law of the case is that the Authority had not de facto condemned the properties. Hence, DOT's second contention—that not having been the only de facto condemnee, it cannot be answerable in damages—is without merit. Further, in this regard, we know of no authority for the proposition that two public bodies having the power of eminent domain might not each be found to have effectuated the de facto taking of a property. Certainly, *Helms v. Chester Redevelopment Authority*, 32 Pa. Commonwealth Ct. 377, 379 A.2d 660 (1977) does not hold, as DOT suggests, that a public entity with the power of condemnation may be liable in damages for a de facto taking only where it is shown to be solely—that is, to the exclusion of any other such body—responsible for the asserted injuries.

DOT's final question relates to a Motion to Remand filed in this court based on allegations that two of the three properties here involved have been "docketed in the National Register of Historical Places" and the third has been "declared to be eligible for the Register." The application also reports over the signature of someone not otherwise identified that the Commonwealth is without power to condemn a property listed on the Register or declared to be eligible to be listed. No authority is cited for this proposition and we have found none.

Order affirmed.

### Order

And Now, this 28th day of December, 1982, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.